UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ROBERT UPSON,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>v<br><br>VITAL RECOVERY SERVICES, LLC,<br>INCLINE FUND II, LTD, AND<br>INCLINE FUND MANAGEMENT, LLC,<br><br>Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Robert Upson [hereinafter "Upson"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Vital Recovery Services, LLC [hereinafter "VRS"], Incline Fund II, LTD [hereinafter "IFII"], and Incline Fund Management, LLC [hereinafter "IFM"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on VRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and

    services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Upson is a natural person who resides at 14 Greenwood Boulevard, Manorville, NY 11949.

6. Upson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about May 6, 2017, VRS, on behalf of IFII and IFM, sent Upson the letter annexed as Exhibit A.  Upson received and read Exhibit A.  For the reasons set forth below, Upson's receipt and reading of Exhibit A deprived Upson of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, VRS, on behalf of IFII and IFM, sent Exhibit A to Upson in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a loan or line of credit from lending Club Corporation for his individual use, individually using the proceeds of the loan or using the line of credit to purchase goods for personal, family or household purposes.  VRS, on behalf of IFII and IFM, via Exhibit A, attempted to collect this past due debt from Upson in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. VRS is a Georgia Domestic Limited Liability Company and a New York Foreign Limited Liability Company located in Tennessee.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. VRS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon VRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of VRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, VRS sets forth that it is a debt collection agency attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, VRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. IFII is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16. IFM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

18. Exhibit A is the written notice required under 15 USC § 1692g(a).

19. Exhibit A did not set forth the amount of the "debt"; and therefore Defendants violated 15 USC § 1692g(a)(1) by VRS, on behalf of IFII and IFM, sending Exhibit A to Upson.

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

21. Statements set forth in Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) and/or a violation of 15 USC § 1692g(a)(1).

## THIRD CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

23. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

25. Defendants violated 15 USC § 1692g(a)(1) by VRS, on behalf of IFII and IFM, sending Exhibit A to Upson.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

27. The class consist of (a) all natural persons (b) who received a letter from VRS dated between May 6, 2017 and May 6, 2017 (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

28. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

30. The predominant common question is whether Defendant's letters violate the FDCPA.

31. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

32. A class action is the superior means of adjudicating this dispute.

33. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      May 7, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107